UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DANNON KEITH SELLERS

CIVIL ACTION NO. 6:12-cv–01801
SECTION P

VERSUS

JUDGE DOHERTY

WARDEN, RICHWOOD
CORRECTIONAL CENTER

MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Dannon Keith Sellers is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Winn Correctional Center in Winnfield, Louisiana, serving a ten year sentence imposed following his 2009 conviction in the 16th Judicial District Court, St. Martin Parish, Louisiana, for forcible rape.  Sellers filed the instant petition for writ of *habeas corpus* on June 26, 2012, pursuant to 28 U.S.C. § 2254, seeking to have his conviction and sentence vacated, seeking to withdraw his guilty plea, and seeking to proceed to trial on the merits.

This matter was referred to the undersigned for report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the petition be DISMISSED WITH PREJUDICE.

## BACKGROUND FACTS

On January 11, 2008, Detective Jennifer Hebert filed a complaint affidavit (Rec. Doc. 34-1 at 5), in which she detailed the results of her investigation into allegations that twenty-four-year-old Dannon Sellers had raped his eleven-year-old half-sister.  In the affidavit, Detective Hebert explained that an anonymous caller telephoned the St. Martin Parish Sheriff's Office on January 10, 2008 and advised that a female juvenile was possibly being sexually abused by the juvenile's brother. Detective Hebert went to the place where the abuse was allegedly taking place and interviewed an informant.  The next day, the alleged victim was interviewed at the St. Martin Parish Sheriff's Office.  The victim gave details of three specific instances in which she claims that Sellers raped her:  one that occurred when she was four years old, one that occurred during the first week of December 2007, and one that occurred on December 29, 2007.  In her affidavit, Detective Hebert stated that Sellers should be arrested and charged with three counts of aggravated rape under La. R.S. 14:42.

In June 2009, Sellers pleaded guilty to one count of forcible rape, but he now seeks to have his conviction and sentence overturned.

## PROCEDURAL HISTORY

A warrant for Sellers's arrest was issued on January 11, 2008.  (Rec. Doc. 34-1 at 9).  On May 15, 2008, a bill of information charged Sellers with three counts of

forcible rape under La. R.S. 14:42.1.  (Rec. Doc. 34-1 at 1-2).  On May 27, 2008, Sellers was arraigned and pleaded not guilty.  (Rec. Doc. 34-1 at 12).

On July 21, 2009, Sellers appeared for a change-of-plea hearing.  Before the hearing, Sellers executed a plea agreement, in which he agreed to plead guilty to one count of simple rape.  (Rec. Doc. 34-1 at 69).  At the change-of-plea hearing, the judge instructed Sellers on simple rape and read the statutory sentence for that crime. (Rec. Doc. 34-1 at 96-97).  The judge then convened a bench conference.  Following the bench conference, he advised Sellers that he was changing the plea agreement to show that Sellers was pleading guilty to one count of forcible rape rather than one count of simple rape.  (Rec. Doc. 34-1 at 97).  Sellers's counsel indicated that the revision of the plea sheet was acceptable.  (Rec. Doc. 34-1 at 100).  The judge then sentenced Sellers to serve fifteen years at hard labor, with all but ten years of the sentence suspended, and to serve five years supervised probation, with additional specified conditions, thereafter.  (Rec. Doc. 34-1 at 101).

Sellers did not appeal his conviction or sentence.  (Rec. Doc. 34-1 at 67).  He did, however, apply for post-conviction relief on January 17, 2010.  (Rec. Doc. 34-1 at 113).  He asserted three grounds for relief, all of which are related to the judge's

changing the charge from simple rape to forcible rape.[1]  Sellers's first claim was that he received ineffective assistance of counsel because he thought he was pleading to simple rape but the charge was changed to forcible rape.  His second claim was that his Constitutional due process rights were violated because he was denied an opportunity to cross-examine his accuser.  His third claim was that the presiding judge illegally abused his power when he changed the charge from simple rape to forcible rape.

Following a hearing held on July 13, 2010,[2] the trial court denied Sellers's motion for post-conviction relief.  (Rec. Doc. 34-1 at 143-144).

Sellers sought review from Louisiana's Third Circuit Court of Appeal, reasserting the same claims for post-conviction relief that he presented to the trial court.  (Rec. Doc. 34-1 at 196-229).  The record does not contain copies of any

---

[1]	The undersigned is dismayed at the condition of the state-court record that was filed tardily by the respondent in this lawsuit.  (Rec. Doc. 34-1).  The pages are not legibly numbered, many pages are obviously out of order, there are unexplained duplications, and the text at the bottom of some pages is cut off.  This made it difficult to determine precisely what was filed and when it was filed.  In particular, the pages of Sellers's application for post-conviction relief were out of order and interspersed with other materials.  It also appears that the application was filed on January 17, 2010 and again on July 9, 2010.  The undersigned was forced to piece this document together, matching the handwriting on various pages.  The undersigned finds that the application for post-conviction relief is comprised of the following pages from the record: Rec. Doc. 34-1, pgs. 113, 114, 137-140, 116, 126, 127, 117, in that order.  While the petitioner's filing might not have been in perfect order, he could not have interspersed documents from July 2010 in with a filing he made in January 2010.  The undersigned hopes that, in the future, the respondent will take greater care in preparing documents for this Court.

[2]	A transcript of this hearing is found in the record at Rec. Doc. 34-1 at 172-190.

briefing that might have been submitted to the Third Circuit by the state.  On May 25,

2011, the Third Circuit denied Sellers's writ application (Rec. Doc. 195), stating:

> Relator failed to meet his burden of proving that the guilty
> plea was not intelligently and knowingly made.
> Furthermore, all pretrial non-jurisdictional defects, which
> includes pre-plea ineffective assistance of counsel in this
> case, were waived when Relator pled guilty.  *State v.
> Myles*, 04-264 (La. App. 3 Cir. 9/29/04), 882 So.2d 1254.
> Therefore, the trial court did not err when it denied
> Relator's January 17, 2010, Application for Post
> Conviction Relief.

Sellers sought to have that ruling reviewed by the Louisiana Supreme Court.

The record does not contain copies of any briefs submitted by Sellers or the state to

the Supreme Court.  On April 12, 2012, the Louisiana Supreme Court granted

Sellers's writ application but denied the relief requested (Rec. Doc. 34-1 at 192),

stating:

> Although the court of appeal erred when it concluded that
> "all pretrial non-jurisdictional defects, which includes pre-
> plea ineffective assistance of counsel in this case, were
> waived when [r]elator pled guilty," a review of relator's
> post-conviction application reveals that he has failed to
> establish that his counsel's performance during plea
> bargaining requires reversal of his conviction under the
> standard set out in Strickland v. Washington, 466 U.S. 668,
> 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  See, e.g., State v.
> West, 09-2810 (La. 12/10/01), 50 So.3d 148.  Accordingly,
> no relief is due.

Sellers requested reconsideration of the Supreme Court's ruling, but the record contains no copies of any documents submitted to the Supreme Court by any party in connection with that request.  On May 25, 2012, the Louisiana Supreme Court denied Sellers's request for reconsideration.  (Rec. Doc. 34-1 at 193).

In the instant petition for a writ of *habeas corpus,* Sellers seeks to have his conviction and sentence overturned.

ANALYSIS

Sellers posits seven grounds for vacating his conviction and sentence:  (1) his 124-day continued custody with no grand jury indictment; (2) a defective bill of information; (3) ineffective assistance of counsel; (4) infirmity of the guilty plea; (5) the judge's participation in the plea and sentencing; (6) the restraint of his liberty as a result of ineffective assistance of counsel; and (7) the state's failure to commence trial in a timely manner.

## I.   TIMELINESS AND PROCEDURAL DEFAULT

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to Sellers's petition.  The threshold questions in *habeas* review under the AEDPA are whether the petition is timely and whether the claim raised by the

petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.[3]

**Timeliness.**   In this case, the state argues that a portion of the ineffective assistance of counsel claim set forth in Sellers's petition is not timely.   In his application for post-conviction relief, Sellers alleged that his attorney was ineffective at the time of his change-of-plea hearing because he misled Sellers into pleading guilty to forcible rape.  In his *habeas* petition, however, Sellers also complains that his attorneys failed to conduct a pretrial investigation, failed to file pretrial motions, failed to interview any potential witnesses, failed to consult with Sellers, and failed to keep Sellers informed of developments in the case.  The state argues that those alleged inadequacies could have supported a direct appeal for ineffective counsel, were not raised in a timely direct appeal, and therefore are now time-barred.

The Fifth Circuit has held "that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."[4]  Sellers's ineffectiveness claim related to the change of the charged crime from simple rape to forcible rape at the time of his guilty plea clearly survived his failure to file a direct appeal.  There is no evidence in

---

[3]     *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), citing 28 U.S.C. §§ 2254(b) and 2254(c).

[4]     *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

the record, however, suggesting that the other ineffectiveness claims directly affected the validity of the plea or the decision to waive asserting the claims in a direct appeal. Because those claims were not raised in a timely direct appeal, they would likely be rejected by a Louisiana state court, if asserted in such a forum at this time, on the basis that they were asserted beyond the time limits set forth in the applicable procedural rules.

But this argument is not precisely one of timeliness; instead, it is an issue of procedural default.  As is explained in more detail below, Sellers lost the right to assert a claim based on ineffectiveness of counsel unrelated to the plea or the waiver when he failed to appeal – not because the claim is now untimely but because he failed to follow the proper state-law procedure, failed to exhaust the available state-court remedies (including a direct appeal), and for that reason forfeited his right to bring a federal *habeas* claim on that same issue.

The instant *habeas* petition is timely.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must file his § 2254 petition within one year after the date that his conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.[5]  The period during

---

[5]     28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 13, 118-19 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)); *Wilson v. Cain*, 564 F.3d 702, 704 (5th Cir. 2009).

which a properly-filed application for state *habeas corpus* relief is pending is not counted towards the one-year limitations period.[6]   Instead, a properly-filed application for state post-conviction relief tolls the limitations period until its final resolution through the ordinary state collateral review process.[7]   A state post-conviction application is "properly filed" for purposes of § 2244(d)(2) when it is submitted according to the state's procedural requirements.[8]   Procedural filing requirements are the prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review.[9]

Sellers pleaded guilty on July 21, 2009.  His conviction became final on August 20, 2009, when the thirty-day deadline for an appeal expired, in accordance with Rule 914 of the Louisiana Rules of Criminal Procedure.  He had one year from that date to file a *habeas* petition, but that time period was tolled while his state-court application for post-conviction relief was pending.  He filed his application for post-conviction relief on January 17, 2010, approximately five months into the one-year time period.  The Louisiana Supreme Court's ruling denying relief became final on

---

[6]        28 U.S.C. § 2244(d)(2).

[7]        *Wilson v. Cain*, 564 F.3d at 704, citing *Dixon v. Cain*, 316 F.3d 553, 554-55 (5th Cir. 2003).

[8]        *Wilson v. Cain*, 564 F.3d at 704, citing *Villegas v. Johnson*, 184 F.3d 467, 469, 470 & n. 2 (5th Cir. 1999).

[9]        *Wilson v. Cain*, 564 F.3d at 704, citing *Villegas v. Johnson*, 184 F.3d at 470 & n. 2.

May 25, 2012, the date that the Supreme Court denied Sellers's request for reconsideration of its prior ruling.   Therefore, approximately seven months of the one-year time period remained.   The instant petition was filed on June 26, 2012, approximately one month after the Supreme Court's ruling on the motion for reconsideration.   Accordingly, the instant petition is timely.

**<u>Procedural Default.</u>**   The state argues that all of Sellers's claims except Claim 5, which is related to the judge's participation in the plea, are procedurally defaulted because Sellers did not exhaust the available state court remedies before filing the instant petition.  (Rec. Doc. 26-1 at 6-7).  The undersigned does not interpret Sellers's claims the same way that the state does, and finds that three of the seven claims are procedurally defaulted.

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion.   Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, or (2) the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred.[10]   In

---

[10]     *Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999), citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

either case, the petitioner is deemed to have forfeited his federal *habeas* claim.[11]  This Court is authorized to raise the issue of procedural default *sua sponte* and to apply default as a bar to further litigation of a petitioner's claims.[12]

In this case, Sellers did not file a direct appeal, and he raised only three issues in his application for post-conviction relief:  (1) ineffective assistance of counsel related to his lawyer's role in the charge being changed from simple rape to forcible rape; (2) due process violations resulting from the charge being changed; and (3) the judge's abuse of power in changing the charge.  In the instant *habeas* petition, he reiterates those claims in Claim Nos. 3 and 6 (ineffective assistance of counsel), Claim No. 4 (infirmity of the guilty plea), and Claim No. 5 (the judge's participation at the change of plea hearing).  He also adds two speedy trial claims (Claim No. 1 and Claim No. 7), a claim that the bill of information was defective (Claim No. 2), and a claim of ineffectiveness of counsel unrelated to his plea (Claim No. 3).

Sellers did not raise Claim Nos. 1, 2, or 7 in the state-court proceedings.  As discussed above, he also failed to assert his claims concerning the alleged ineffectiveness of his counsel in preparing for trial and communicating with him (articulated in Claim No. 3) in his application to the state court for post-conviction

---

[11]     *Bledsue v. Johnson*, 188 F.3d at 254.

[12]     *Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).

relief. Were he to assert those claims in state court now, state-law procedural rules would be applied and the claims would likely be held time-barred. Accordingly, Sellers failed to exhaust his state-court remedies with regard to those claims, and he has forfeited his corresponding federal *habeas* claims. In other words, those claims are now procedurally defaulted.

However, out of an abundance of caution, the merits of all of Sellers's claims will be reviewed in this report.

## II. MERITS REVIEW

### A. THE STANDARD OF REVIEW.

The AEDPA standard of review provides different standards for questions of fact, questions of law, and mixed questions of fact and law. A state court's factual findings are presumed correct, and a reviewing court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[13] The statute codifies both the presumption of correctness that attaches to state court findings of fact and the clear and convincing evidence burden placed on a petitioner who attempts to overcome that presumption.[14]

---

[13] 28 U.S.C. § 2254(d)(2).

[14] 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact must be given deference unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court.[15]   A state court's decision is contrary to clearly established federal law if:  (1) the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.[16]   A state court decision unreasonably applies federal law if it either:  (1) correctly identifies the governing rule but then applies it unreasonably to the facts; or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.[17]   An unreasonable application of federal law is different from an incorrect application of federal law.  The court need not determine whether the state court's reasoning is sound; rather "the only question for a federal habeas court is whether the state court's determination is objectively

---

[15]      *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).

[16]      *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010); *Hill v. Johnson*, 210 F.3d at 485.

[17]      *Penry v. Johnson*, 532 U.S. at 792; *Woodfox v. Cain*, 609 F.3d at 789.

unreasonable."[18]  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.[19]

In this case, Sellers seeks relief from the decision of the Louisiana Supreme Court, which upheld his conviction and sentence.  The Supreme Court's last decision comprised only two words:  "Reconsideration denied."  (Rec. Doc. 34-1 at 193).  Its earlier decision expressly addressed the ineffectiveness of counsel argument, stating that Sellers "has failed to establish that his counsel's performance during plea bargaining requires reversal of his conviction."  (Rec. Doc. 34-1 at 192).  When the reviewing federal court is "faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter."[20] Therefore, it is permissible for this Court to look to the decision of the Louisiana Third Circuit Court of Appeal, which denied Sellers's writ application because he "failed to meet his burden of proving that the guilty plea was not intelligently and knowingly made."  (Rec. Doc. 34-1 at 195).  Neither the trial court nor the Third Circuit issued memorandum rulings concerning Sellers's application for post-conviction relief.  The trial court's decision is set forth in the transcript of the hearing

---

[18]     *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

[19]     *Price v. Vincent*, 538 U.S. 634, 641 (2003).

[20]     *Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999).

on the application for post-conviction relief (Rec. Doc. 34-1 at 172-190) and in the trial court's minutes (Rec. Doc. 34-1 at 143).  Although reasons for the ruling are not fully articulated, it is clear that the trial court's decision was a ruling on the merits. It is also clear that the appellate court decisions were rulings on the merits. Therefore, those rulings are also entitled to deference and, for the reasons set forth below, should not be overturned.

### B.   SELLERS'S CLAIMS LACK MERIT.

Each of Sellers's claims lacks merit.  In the following discussion, Sellers's claims will be reorganized but the numbers assigned to them will remain consistent with the numbering used by Sellers and the state in their briefing.

**Claim No. 1.        Incarceration without Indictment.**
**Claim No. 7.        The Trial was Untimely.**

Sellers's first claim and his seventh claim, neither of which was raised in his application for post-conviction relief, are best characterized as speedy-trial claims. The undersigned finds that both of these claims are procedurally defaulted, and for the following reasons, both claims also lack merit.

Sellers claims that he was denied due process because he was incarcerated for 124 days before a bill of information was issued.  A warrant was issued for Sellers's arrest on February 11, 2008.  (Rec. Doc. 34-1 at 9).  A bill of information was issued on May 15, 2008, charging him with three counts of forcible rape.  (Rec. Doc. 34-1

-15-

at 1-2).  Sellers claims that he was in custody for 124 days before he was charged.

The record does not reflect the date on which he was taken into custody, nor does it

reflect any reasons for the lapse of time between his arrest and the issuance of the bill

of information.  Sellers pleaded guilty on July 21, 2009 (Rec. Doc. 34-1 at 92),

approximately fourteen months after he was charged.  His seventh claim is that his

trial was not commenced in a timely manner.

The Sixth Amendment to the United States Constitution guarantees a defendant

in a criminal case the right to a speedy trial.  A court must consider four factors in

assessing a speedy trial claim:  1) the length of the delay; 2) the reason for the delay;

3) the defendant's assertion of his right; and 4) prejudice to the defendant resulting

from the delay.[21]   Unless it is determined that there has been a delay that is

presumptively prejudicial, it is not necessary to examine the other factors.[22]  Once a

speedy trial analysis is triggered, the first three factors are analyzed to determine

whether they weigh so heavily in the defendant's favor that prejudice may be

presumed.[23]  If a presumption of prejudice is not justified, the defendant bears the

---

[21]    *United States v. Bishop*, 629 F.3d 462, 465 (5th Cir. 2010), citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[22]    *Barker v. Wingo*, 407 U.S. at 530.

[23]    *United States v. Bishop*, 629 F.3d at 465.

burden of establishing actual prejudice and demonstrating that the prejudice outweighs the other factors.[24]

Pre-indictment delay does not raise a Sixth Amendment right to speedy trial issue, but it may violate the Fifth Amendment's due process clause if it is established that the prosecutor intentionally delayed the indictment to gain a tactical advantage and the defendant was actually prejudiced.[25]  Sellers has made no such allegations. Instead, he argued that the delay between his arrest and the issuance of the bill of information was longer than that prescribed by Louisiana statute.  This court cannot consider such an argument.  Federal *habeas* relief is available only for violations of the Constitution or laws or treaties of the United States;[26] it is not available for alleged violations of state law.[27]  Because Sellers has neither shown that the prosecutor intentionally delayed charging him or that the delay otherwise violated a federal law or Constitutional provision, Claim No. 1 lacks merit.

In support of Claim No. 7, Sellers argues that the state failed to commence the trial in a timely manner without just cause for continuances of the trial date.  The Fifth Circuit has held that a delay of one year between indictment and trial is, in

---

[24]     *United States v. Bishop*, 629 F.3d at 465.

[25]     *United States v. Byrd*, 31 F.3d 1329, 1339 (5th Cir.1994).

[26]     28 U.S.C. § 2254(a).

[27]     *Engle v. Isaac*, 456 U.S. 107, 119 (1983).

general terms, a presumptively prejudicial delay that triggers a speedy trial analysis.[28] In this case, fourteen months elapsed between the issuance of the bill of information and Sellers's guilty plea.  Therefore, the delay is sufficient to require examination of the first three factors of the requisite analysis to decide whether prejudice will be presumed.[29]

The first factor is the length of the delay.  "[D]elays of less than five years are not enough, by duration alone, to presume prejudice."[30]  Therefore, this factor does not weigh in Sellers's favor.

The second factor is the reason for the delay.  Sellers has presented no evidence that the state acted in bad faith or intentionally held up the prosecution for the purpose of prejudicing him.  Absent evidence of that nature, this factor does not weigh in Sellers's favor.[31]

The third factor is the defendant's assertion of his right to a speedy trial.  In this case, the record contains no evidence that Sellers filed a motion seeking to expedite the proceedings.  Therefore, this factor also weighs against him.

---

[28]      See, e.g., *United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009); *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993); *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993).

[29]      *United States v. Harris*, 566 F.3d at 432.

[30]      *United States v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007).

[31]      *United States v. Harris*, 566 F.3d at 432; *United States v. Parker*, 505 F.3d at 329; *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006).

With all of the first three factors weighing against him, it cannot be presumed that Sellers was prejudiced by not being tried more quickly.  Therefore, Sellers must bear the burden of proving that he was actually prejudiced by the delay.  This, he has not done.  Actual prejudice is examined in light of three interests: (1) the defendant's interest in preventing oppressive pretrial incarceration; (2) the defendant's interest in minimizing anxiety and concern; and (3) the defendant's interest in limiting the possibility that the defense will be impaired.[32]  Sellers made no argument in support of any of these three interests.  Accordingly, the undersigned finds that he has not established that he was actually prejudiced by the fourteen month delay between the bill of information and his guilty plea, and Claim No. 7 lacks merit.

## Claim No. 2.        The Bill of Information.

In Claim No. 2, Sellers argues that the bill of information was fatally defective.  This claim was not raised in his application for post-conviction relief.  Therefore, it is procedurally defaulted.  The undersigned also finds that it lacks merit for the following reasons.

The sufficiency of a state charging document, whether indictment or bill of information, is not a matter for federal *habeas* relief unless it can be shown that the

---

[32]        *United States v. Harris*, 566 F.3d at 433, citing *Barker v. Wingo*, 407 U.S. at 532.

charging document is so defective that it deprives the state court of jurisdiction[33] and there are no circumstances under which a valid conviction could be based on that instrument.[34]

Sellers has not identified a federal Constitutional right that he alleges was violated because of the bill of information.  Instead, he addresses this claim exclusively under state law, alleging that the bill of information does not specify whether he is charged with anal, oral, or vaginal sexual intercourse.  Absent a Constitutional issue having been raised, this Court cannot review whether a charging document is sufficient under state law.  Furthermore, Sellers has cited no authority for his contention that the bill of information must contain the detailed specificity that he suggests.  A review of the bill of information (Rec. Doc. 34-1 at 1-2) reveals that it charges Sellers with three counts of forcible rape, generally follows the language of the statute under which he was charged, sets forth the dates of the alleged occurrences in a general range, and identifies the victim by initials and date of birth. No deficiency in the bill of information was identified by the trial court judge at the change of plea hearing.

For these reasons, the undersigned finds that Claim No. 2 lacks merit.

---

[33]    *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980).

[34]    *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984).

**Claim No. 5.**          **The Trial Judge's Participation in the Plea and Sentencing.**

In Claim No. 5, Sellers argues that the trial court judge impermissibly participated in the negotiation of his plea agreement by changing the agreement to show that he was pleading guilty to forcible rape instead of simple rape. This claim was asserted in Sellers's application for post-conviction relief, and it was rejected by the Louisiana courts.

At the hearing on Sellers's application for post-conviction relief, the state's attorney explained that the trial court judge realized, as he was reviewing the plea agreement in open court at the change-of-plea hearing, that the agreed-upon sentence could not be levied if Sellers pleaded guilty to simple rape. The agreed-upon sentence was fifteen years imprisonment with all but ten years suspended. Under Louisiana law, however, a prison term for simple rape cannot be suspended. "Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years."[35] A sentence for forcible rape can be suspended in part. "Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed

---

[35]          La. R.S. 14:43(B).

-21-

shall be without benefit of probation, parole, or suspension of sentence."[36]  Sellers's plea agreement provided for a fifteen year prison sentence, with all but ten years suspended.  Had he been sentenced under the statute pertaining to simple rape, no part of the sentence could have been suspended, and he would have had to serve the entire fifteen years.  In order to preserve the agreed-upon sentence, however, he could plead guilty to forcible rape and five years of the fifteen year jail term could be suspended.

This explains why the trial court judge changed the plea agreement at the change of plea hearing, but it also makes it clear that the judge did, in fact, interject himself into the plea process.

Sellers claims that the judge's comments and the judge's revision of the plea agreement coerced him into pleading guilty to forcible rape.  However, he failed to show that any Constitutional right was abridged.  The state argues that Rule 11(e)(1) of the Federal Rules of Criminal Procedure, which prohibits judicial participation in the plea negotiation process was violated, but that a harmless error analysis should be applied.  The state's analysis is flawed.  "Rule 11 sets a standard for federal courts; it does not establish a Constitutional prohibition applicable to the State courts."[37]

---

[36]     La. R.S. 14:42.1(B).

[37]     *Rutledge v. Cain*, No. 08-0546, 2009 WL 3514635, at *10 (W.D. La. Oct. 29, 2009), citing *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (en banc ), modified, 646 F.2d 902 (5th Cir.) (en banc), cert. denied, 454 U.S. 840 (1981).

Therefore, "a federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process.  If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review."[38]

Whether Sellers was coerced by the trial court judge's participation in the plea process is an issue to be considered when determining whether his plea was voluntary.  Therefore, Claim No. 5 is not separate from Claim No. 4, in which Sellers asserted that his guilty plea was not freely given, and Claim No. 5 will be considered together with Claim No. 4, below.

**Claim No. 4.**         **The Validity of the Guilty Plea.**

In Claim No. 4, Sellers argues that his guilty plea was Constitutionally infirm because he pleaded guilty on the advice of unprepared, uninformed counsel who induced and coerced him into pleading.  As noted above, he also claims that the trial court judge coerced him into pleading guilty to forcible rape instead of simple rape. He claims that his plea was neither free nor knowing.  This claim was presented in his application for post-conviction relief, and it was rejected by the Louisiana courts.

---

[38]         *Frank v. Blackburn*, 646 F.2d at 882.

A guilty plea will be upheld on *habeas* review if it was entered into knowingly, voluntarily, and intelligently.[39]  For those criteria to be met, the record should reflect an articulation and waiver of the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers.[40]  When a defendant appears in open court and engages in a plea colloquy with the court, the defendant's attestations regarding voluntariness are not an absolute bar to his later asserting a claim that the plea was coerced, but the defendant faces a heavy burden in proving that he is entitled to relief because the testimony in open court carries a strong presumption of verity.[41]  Like testimony given in open court, a written plea agreement must be accorded great evidentiary weight.[42]

In this case, Sellers signed a plea agreement before the change-of-plea hearing was held.  At the change-of-plea hearing, the trial court judge reviewed the basic elements of that agreement, saying, in part:  "Your agreement with the State says you're going to plead guilty to one count of simple rape.  You'd get fifteen years at hard labor, suspend all but ten years of that."  (Rec. Doc. 34-1 at 93).  Sellers

---

[39]     *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000).

[40]     *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

[41]     *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994), citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[42]     *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

confirmed his understanding of the terms of the agreement, saying "Yes, sir" several times in response to the judge's questions. (Rec. Doc. 34-1 at 94-97).  The judge then summoned the attorneys for a bench conference.

After the bench conference, the judge said, "Let me read you the crime of forcible rape.  That's what you're going to plead guilty to because we can give you the penalty that it has and it should fit the facts, from what I understand." (Rec. Doc. 34-1 at 97).  He then read the statutory definition of the crime and asked if Sellers understood.  Sellers answered, "Yes, sir." (Rec. Doc. 34-1 at 97-98).  The judge then reviewed the statutory sentence.  Sellers again indicated that he understood. (Rec. Doc. 34-1 at 98).  The judge then reviewed each of the Constitutional rights that Sellers would be waiving if he pleaded guilty.  Sellers affirmatively indicated that he understood he would be waiving his rights to jury trial, to confront his accusers, and to remain silent and avoid self-incrimination. (Rec. Doc. 34-1 at 99).  The judge then reiterated that the plea agreement was changed to show one count of forcible rape. He asked, "Is that agreeable with everyone?"  Sellers's counsel replied, "Yes, Your Honor." (Rec. Doc. 34-1 at 100).  The judge then questioned Sellers concerning whether any promises or threats had been made, other than those in the plea agreement, to persuade him to plead guilty.  Sellers answered, "No, sir."  The same question was posed to Sellers's counsel, and he too answered, "No, sir." (Rec. Doc.

34-1 at 100).  Sellers then pleaded guilty.  The judge then called upon the prosecutor, who explained the factual basis for the plea.  The judge asked Sellers if it was correct, and he said, "Yes, sir."  (Rec. Doc. 34-1 at 101).  The court then found that there was sufficient evidence on which to base a guilty plea and further found that the plea was freely and voluntarily made.  (Rec. Doc. 34-1 at 101).

Sellers argued to both the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court that his plea was not voluntary.  Both found that his argument lacks merit.

Whether Sellers knowingly and intelligently waived his Constitutional right to a jury trial is a legal question.[43]  A state court's determination of questions of law must be given deference unless the decision is contrary to or involves an unreasonable application of clearly established federal law,[44] and Sellers had the burden of making such a showing.[45]  The statements made during the plea colloquy support the conclusion that Sellers's plea was unconditional and voluntary, and Sellers has presented no contrary evidence.  More particularly, it is clear that Sellers was in the courtroom with his counsel when the judge discovered the problem with the sentence

---

[43]     *Pierre v. Leger*,495 Fed. App'x 403, 405 (5th Cir. 2012); *Johnson v. Cain*, 196 F.3d 1258 (5th Cir. 1999)

[44]     *Hill v. Johnson*, 210 F.3d at 485.

[45]     *Price v. Vincent*, 538 U.S. 634, 641 (2003).

originally set forth on the plea agreement.  His counsel conferred with the judge and the prosecutor.  Both Sellers and his counsel were given an opportunity to object to the change to the charge, but neither did so.  Thereafter, Sellers was questioned about waiving his rights and pleading guilty.  At each of those junctures, he or his counsel could have asked questions or raised objections to the change in the plea.  Again, neither did so.  For those reasons, Sellers cannot show that the state courts' decisions rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law.  Accordingly, the undersigned finds that Claim Nos. 4 and 5 lack merit and recommends that this Court should defer to the state courts' decisions rejecting these claim.

**Claim Nos. 3 and 6.        Ineffective Assistance of Counsel.**

Sellers raises two distinct ineffective assistance of counsel claims, only one of which was raised in Sellers's motion for post-conviction relief.  That claim was rejected on the merits by three Louisiana courts.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[46]  When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his counsel, he has the burden of proving by

---

[46]        *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

-27-

a preponderance of the evidence that his Constitutional rights have been violated.[47]
The right to effective counsel "is denied when a defense attorney's performance falls
below an objective standard of reasonableness and thereby prejudices the defense."[48]
To prevail on a claim of ineffective assistance of counsel, Sellers must demonstrate:
(1) that his attorney's representation was deficient because it fell below an objective
standard of reasonableness; and (2) that the attorney's deficient performance
prejudiced the defendant.[49]  Sellers bears the burden of establishing both prongs of
the test, and failure to establish either prong is fatal to the claim.[50]  The parts of the
test need not be analyzed in any particular order, and there is no need to consider the
remaining part once an insufficient showing has been made concerning the other.[51]

In analyzing the professional competence part of the test, judicial scrutiny of
an attorney's performance must be "highly deferential," and the court must make
every effort "to eliminate the distorting effects of hindsight, to reconstruct the

---

[47]     *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Bruce v. Estelle*, 536 F.2d 1051, 1058
(5th Cir. 1976).

[48]     *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

[49]     *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  See, also, e.g., *United States
v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir.
1996).

[50]     *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280
(5th Cir. 1997).

[51]     *Goodwin v. Johnson*, 132 F.3d 162, 173 at n. 6 (5th Cir. 1998), citing *Strickland v.
Washington*, 466 U.S. at 697.

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[52]   There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[53]   An attorney is not required to advance every conceivable argument, regardless of merit.[54] Instead, counsel is required to raise only those issues that he believes, in the exercise of professional judgment, to have the best chance of success.[55]   An attorney's failure to raise a legally meritless argument cannot support an ineffectiveness claim.[56] "Strategic choices made [by counsel] after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[57]   Similarly, a conscious and informed decision on trial tactics and strategy cannot be the basis for

---

[52]      *Strickland v. Washington*, 466 U.S. at 689.

[53]      *Strickland v. Washington*, 466 U.S. at 689.

[54]      *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).

[55]      See, e.g., *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Willingham v. Cockrell*, 61 Fed. App'x 918, 4 (5th Cir. 2003), citing *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

[56]      *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

[57]      *St. Aubin v. Quarterman*, 470 F.3d 1096, 1102 (5th Cir. 2006), quoting *Strickland v. Washington*, 466 U.S. at 690.

constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.[58]

To satisfy the prejudice part of the test, Sellers must demonstrate that his attorney's actions or inactions were "so serious as to render the proceedings unreliable and fundamentally unfair."[59]  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error did not prejudice the defense."[60]  Prejudice is demonstrated only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[61]  Thus, to establish prejudice due to his trial counsel's alleged ineffectiveness, Sellers must show a reasonable probability that he would not have been convicted had his counsel done those things – or not done those things – that Sellers now complains of.[62]

---

[58]    *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983), *cert. denied*, 537 U.S. 1018 (2002).

[59]    *United States v. Patten*, 40 F.3d 774, 777 (5th Cir. 1994), citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

[60]    *Ricalday v. Procunier*, 736 F.2d 203, 208 (5th Cir. 1984).

[61]    *Strickland v. Washington*, 466 U.S. at 694.

[62]    *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

The issue of ineffective assistance of counsel is a mixed question of law and fact.[63]  Thus, the question before this Court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent.

Sellers complains that his counsel failed to investigate the alleged crime, failed to interview witnesses, and failed to communicate with Sellers.  These claims are not related to the voluntariness of his guilty plea.  Having found that his guilty plea was voluntary, this Court is constrained to find that these claims of ineffective counsel cannot be considered.  A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant, including all claims of ineffective assistance of counsel, except those asserting that the alleged ineffectiveness relates to the voluntariness of the plea.[64]

With regard to Sellers's claim that his plea was not voluntary because of the ineffectiveness of his counsel, the Louisiana appellate court found that Sellers failed to meet his burden of proving that the guilty plea was not intelligently and knowingly made, and the Louisiana Supreme Court held that Sellers failed to establish that his counsel's performance during plea bargaining requires reversal of his conviction.

---

[63]     *Woodfox v. Cain*, 609 F.3d at 789; *Richards v. Quarterman*, 566 F.3d 553, 561 (5th Cir. 2009).

[64]     *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984).

Sellers has presented no evidence that he was not fully and completely informed of the contents of the plea package prior to the change-of-plea hearing or during the hearing.  When specifically asked if he had had an opportunity to discuss the plea package with his counsel, he said he had.  (Rec. Doc. 34-1 at 94).  The trial court judge also asked if he was satisfied with his counsel's representation, and Sellers answered, "Yes, sir."  (Rec. Doc. 34-1 at 94).  Later in the hearing, the judge again asked if he was satisfied with his counsel's representation, and he again answered, "Yes, sir." (Rec. Doc. 34-1 at 98).  This testimony bears great weight, and Sellers has not presented evidence establishing that his testimony was false.

One of Seller's ineffectiveness claims cannot be considered by this Court and Sellers has not show that the state courts' decisions rejecting the other ineffectiveness claim was contrary to, or involved an unreasonable application of, clearly established federal law.  Accordingly, the undersigned finds that Claim Nos. 3 and 6 lack merit and recommends that this Court defer to the state courts' decisions rejecting the ineffectiveness of counsel claim that was presented to them.

## CONCLUSION AND RECOMMENDATIONS

For the reasons stated above,

**IT IS RECOMMENDED** that Sellers's petition be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served, with a copy of any objections or response being provided to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on

whether a certificate of appealability should issue.  See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Signed at Lafayette, Louisiana, on August 13, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE